UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSHUA KELLIER,

                                    Plaintiff,

                -against-

BILLUPS, *et al.*,

                                    Defendants.

21-CV-3921 (LTS)

ORDER TO AMEND

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, appearing *pro se*, brings this action under 42 U.S.C. §§ 1981 and 1983, the Fair Housing Act, the Americans with Disabilities Act, and state law, alleging that Defendants violated his rights. Plaintiff moves for assignment of *pro bono* counsel and for immediate injunctive relief. By order dated May 12, 2021, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*. For the reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within sixty days of the date of this order.

## STANDARD OF REVIEW

The Court must dismiss an *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that, under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Named as defendants in this complaint are: (1) the Neighborhood Association for Inter-Cultural Affairs (NAICA) Director Anthony Acosta; Supervisor Cruz; John Doe "who took the chair from" Plaintiff; and John Doe security guard (the NAICA defendants); (2) Skyway Men's Shelter employees (in Queens) Mrs. Robinson, Mr. D. Robinson, and Mr. Clinton; Security Guard Jackson, the "bald-headed guy shift leader"; a John Doe "worker" who violated Plaintiff's

privacy; and Mr. Judd at a Skyway shelter in Manhattan (Skyway defendants);[1] (3) Coalition for the Homeless; Samaritan Village; New York City Department of Homeless Services (DHS) facilities located at NAICA and Chrystie Street; DHS Deputy Director Mrs. Montagna; and DHS Ombudsman Mrs. Hyler (DHS defendants); (4) Police Officers (PO) Billups and O'Mahoney at the 17th Precinct; PO Cheung at the 5th Precinct; Mayor Bill De Blasio; and New York City Human Resources Administration (HRA) Commissioner Steve Banks.

Plaintiff alleges that Defendants violated his rights under the United States Constitution, the Fair Housing Act (FHA), and the Americans with Disabilities Act (ADA), and his rights under city and state regulations governing the shelter system. He also asserts claims of fraudulent inducement and fraudulent concealment. (ECF 1 at 18-48.) The underlying events allegedly occurred between September 2019 and July 2020, although Plaintiff also asserts that he placed 311 complaint calls in 2018. (*Id.* ¶¶ 5, 229, 271.) The complaint contains the following allegations.

Plaintiff has been living in homeless shelters in Manhattan, the Bronx, and Queens since 2019. Plaintiff alleges that Defendants discriminated against him because of his race, retaliated against him for complaining about the discrimination and poor shelter conditions, transferred him to undesirable shelters, did not permit him to file grievances or police reports, deprived him of a vegan diet, destroyed his laptop and other property, and conspired to deny him shelter and to force him into living in unsanitary and substandard conditions. According to Plaintiff, due to the conduct of the defendants, he developed cellulitis and other physical problems and also suffered

---

[1] Plaintiff also names Bentley, Rodriguez, and Jackson, who may be employees at a Skyway shelter. (*Id.* at 58-62.)

mentally. Plaintiff further asserts that Defendants violated the FHA and the ADA because they tried to place him in a "smaller facility" because he is "disabled." (*Id.* at 57-58.)

Plaintiff seeks unspecified injunctive relief because DHS employees Hyler and Montagna violated his First Amendment right to file grievances, NAICA Director Acosta "coerced" him into the same shelter where his laptop was broken, and all Defendants violated his right to courteous, fair, and respectful treatment. (*Id.* at 49.) Plaintiff also seeks $25 million in damages. (*Id.*)

Plaintiff previously filed a lawsuit in this District against the NAICA employees, DHS employees Montagna and Hyler, and PO Cheung. *See Kellier v. NAICA*, ECF 1:20-CV-1058 (CM) (*Kellier I*).[2] By order dated March 23, 2020, Judge McMahon directed Plaintiff to file an amended complaint to address the following deficiencies in his complaint: (1) there is no federal constitutional right to be placed in a specific shelter or a shelter of a particular quality; (2) there were no facts in the complaint supporting an inference that Defendants' conduct was either discriminatory or retaliatory; (3) Plaintiff could not state section 1983 claims against the NAICA defendants because, as private actors, they did not act under color of state law; (4) there is no constitutional right to a police investigation; and (5) violations of state law or regulations do not give rise to a federal constitutional claim. Judge McMahon alerted Plaintiff that the matter would be dismissed on the merits if he failed to file an amended complaint. (ECF 1:20-CV-1058, 9.) Plaintiff did not file an amended complaint, request an extension of time, or otherwise communicate with the court, and the case was dismissed on July 7, 2020. (ECF 1:20-CV-1058,

---

[2] In this pleading, Plaintiff mentions a complaint that he filed alleging that his rights were violated in connection with his storage unit tenancy. *See Kellier v. MMS*, ECF 1:20-CV-10939, 21 (LLS) (S.D.N.Y. May 13, 2021) (dismissing complaint with leave to replead). The Court recently dismissed another complaint as duplicative of this complaint. *See Kellier v. Acosta*, ECF 1:21-CV-3923, 3 (LTS) (S.D.N.Y. May 26, 2021).

10.) Plaintiff filed a notice of appeal but withdrew the appeal before it was adjudicated. *Kellier v. NAICA*, 20-2614 (2d Cir. Nov. 6, 2020).

## DISCUSSION

### A.      Claims arising from same events that were at issue in *Kellier I*

Under the doctrine of claim preclusion, also known as "*res judicata*," a litigant may not bring a new case that includes claims or defenses that were or could have been raised in an earlier case in which the same parties were involved if that case resulted in a judgment on the merits. *Brown v. Felsen*, 442 U.S. 127, 131 (1979). Claim preclusion "bars a plaintiff from relitigating claims against a defendant that it lost in a previous action against the same defendant and claims that the plaintiff could have brought in that earlier action but did not." *Marcel Fashions Grp. Inc. v. Lucky Brand Dungarees, Inc.*, 898 F.3d 232, 236-37 (2d Cir. 2018), *rev'd on other grounds*, 140 S. Ct. 1589 (2020). The doctrine "'serves the interest of society and litigants in assuring the finality of judgments, [and] also fosters judicial economy and protects the parties from vexatious and expensive litigation.'" *Id.* at 237 (quoting *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000)). Claim preclusion generally applies if "(i) an earlier action resulted in an adjudication on the merits; (ii) that earlier action involved the same counterparty or those in privity with them; and (iii) the claim sought to be precluded was raised, or could have been raised, in that earlier action." *Id.*

To determine if a claim could have been raised in an earlier action, courts look to whether the present claim arises out of the same transaction or series of transactions asserted in the earlier action, *see Pike v. Freeman,* 266 F.3d 78, 91 (2d Cir. 2001), or, in other words, whether facts essential to the second suit were present in the first suit, *NLRB v. United Techs. Corp.*, 706 F.2d 1254, 1260 (2d Cir. 1983). "A party cannot avoid the preclusive effect of *res judicata* by

asserting a new theory or a different remedy." *Brown Media Corp. v. K&L Gates, LLP*, 854 F.3d 150, 157 (2d Cir. 2017) (internal quotation marks and citation omitted).

Although claim preclusion is an affirmative defense to be pleaded in a defendant's answer, *see* Fed. R. Civ. P. 8(c), the Court may, on its own initiative, raise the issue. *See, e.g.*, *Grieve v. Tamerin*, 269 F.3d 149, 154 (2d Cir. 2001) (affirming district court's dismissal on grounds of issue preclusion even though defendant failed to plead that defense, and noting that "principles of preclusion involve" not only "the rights and interests of the parties," but also "important interests of the public and the courts in avoiding repetitive litigation and potentially inconsistent decisions"); *Doe v. Pfrommer*, 148 F.3d 73, 80 (2d Cir. 1998) (affirming *sua sponte* application of collateral estoppel in motion for summary judgment); *Salahuddin v. Jones*, 992 F.2d 447, 449 (2d Cir. 1993) ("The failure of a defendant to raise *res judicata* in [an] answer does not deprive a court of the power to dismiss a claim on that ground.").

The elements of claim preclusion are satisfied here. Judge McMahon dismissed the complaint in *Kellier I* for failure to state a claim on which relief may be granted, which is an adjudication on the merits. *See Garcia v. Superintendent of Great Meadow Corr. Facility*, 841 F.3d 581, 583 (2d Cir. 2016) ("[A] dismissal for failure to state a claim operates as a final judgment on the merits and thus has res judicata effects." (internal quotation marks and citation omitted)). Plaintiff sues the same parties here – the NAICA employees, DHS employees Montagna and Hyler, and PO Cheung – that he did in *Kellier I*. And because his claims in this action arise out of the same events as his claims in *Kellier I*, any claims against these defendants in this action could have been asserted in the earlier one. Accordingly, under the doctrine of claim preclusion, Plaintiff cannot litigate those claims in this action. The Court therefore dismisses Plaintiff's claims against the NAICA employees, DHS employees Montagna and

Hyler, and PO Cheung for failure to state a claim on which relief may be granted, under the

doctrine of claim preclusion. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Conopco, Inc. v. Roll Int'l*, 231

F.3d 82, 86 (2d Cir. 2000) (holding that dismissal for failure to state a claim is appropriate where

"it is clear from the face of the complaint, and matters of which the court may take judicial

notice, that the plaintiff's claims are barred as a matter of law" by claim preclusion).

**B.      Claims against new defendants or arising from more recent events**

        Plaintiff asserts claims against Defendants who were not named in *Kellier I,* and claims

possibly arising out of events that occurred after the events at issue in *Kellier I*. In light of

Plaintiff's *pro se* status, the Court grants Plaintiff leave to file an amended complaint to assert

any claims that are not precluded by the dismissal order in *Kellier I.* Plaintiff is reminded,

however, that the reasoning in Judge McMahon's order in *Kellier I* applies to any section 1983

claims he may raise against police officers and other state actors, and against private actors.

        1.      The FHA and the ADA

        The FHA "broadly prohibits discrimination in housing . . . ." *Gladstone Realtors v. Vill. of

Bellwood*, 441 U.S. 91, 93 (1979). Specifically, it prohibits discrimination "against any person in

the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services

or facilities in connection therewith, because of race, color, religion, sex, familial status . . .

national origin" or disability. 42 U.S.C.§ 3604(b), (f). The FHA also prohibits retaliation against

persons who have asserted their rights under the FHA. *See id.* § 3617 (unlawful "to coerce,

intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account

of his having exercised or enjoyed, or on account of his having aided or encouraged any other

person in the exercise or enjoyment of, any right granted or protected by [among others, §§ 3604

and 3605] of this title").

The ADA prohibits discrimination against the disabled in major areas of life. The statute consists of three parts: Title I, 42 U.S.C. § 12111 *et seq*., which prohibits discrimination in employment; Title II, 42 U.S.C. § 12131 *et seq*., which prohibits discrimination by public entities; and Title III, 42 U.S.C. § 12181 *et seq*., which prohibits discrimination in access to public accommodations. *PGA Tour, Inc. v. Martin,* 532 U.S. 661, 675 (2001).

Even if the Court assumes that Plaintiff is disabled within the meaning of the FHA and ADA, his assertion that Defendants attempted to place him in a smaller facility because of his disability do not suggest that Defendants acted with discriminatory or retaliatory animus towards Plaintiff. If anything, these facts suggest an attempt to accommodate a disability. The Court grants Plaintiff leave to amend to provide any additional facts in support of his claims of disability discrimination.

2.    Section 1981

Plaintiff also asserts a claim under 42 U.S.C. § 1981. Under § 1981, all individuals "have the same right . . . to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens." § 1981(a). To state a claim under § 1981, a plaintiff must allege three elements: "(1) the plaintiff is a member of a racial minority; (2) defendant had an intent to discriminate on the basis of race; and (3) the discrimination concerned one or more of the activities enumerated in the statute . . . ." *Mian v. Donaldson, Lufkin & Jenrette Sec. Corp.,* 7 F.3d 1085, 1087 (2d Cir. 1993) (per curiam). The statute extends to conduct by private parties. *Anderson v. Conboy*, 156 F.3d 167, 170 (2d Cir. 1998). In order to make out a claim for individual liability under § 1981, "a plaintiff must demonstrate some affirmative link to causally connect the actor with the discriminatory action." *Patterson v. Cty. of Oneida, N.Y.*, 375 F.3d 206, 229 (2d Cir. 2004).

8

As with Plaintiff's race discrimination claim arising under section 1983, the complaint does not contain facts showing a connection between what any defendant did or failed to do and Plaintiff's race or other characteristic that is protected under section 1981. Moreover, it is not clear that the alleged conduct of Defendants violates section 1981. Plaintiff is granted leave to replead this claim if additional facts are available to support it.

3.      Claims against De Blasio and Banks

To state a claim under section 1983, a plaintiff must allege facts showing the defendants' direct and personal involvement in the alleged constitutional deprivation. *See Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) ("It is well settled in this Circuit that personal involvement of defendants in the alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.") (internal quotation marks omitted). A defendant may not be held liable under section 1983 solely because that defendant employs or supervises a person who violated the plaintiff's rights. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior."). Rather, "[t]o hold a state official liable under § 1983, a plaintiff must plead and prove the elements of the underlying constitutional violation directly against the official." *Tangreti v. Bachmann*, 983 F.3d 609, 620 (2d Cir. 2020).

The complaint does not contain facts showing how Mayor De Blasio or Commissioner Banks were personally involved in the events giving rise to this complaint or in violating Plaintiff's federally protected rights. Supervisors are not liable solely because of their positions of leadership or authority. If Plaintiff wishes to hold De Blasio and Banks liable, he must allege facts showing their personal involvement in violating his rights.[3]

---

[3] A district court may decline to exercise supplemental jurisdiction over state-law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3).

C.     **Motion for counsel**

The factors to be considered in ruling on an indigent plaintiff's application for the Court to request *pro bono* counsel include the merits of the case, the plaintiff's efforts to obtain a lawyer, and the plaintiff's ability to gather the facts and present the case if unassisted by counsel. *See Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989); *Hodge v. Police Officers*, 802 F.2d 58, 60-62 (2d Cir. 1986). Of these, the merits are "[t]he factor [that] command[s] the most attention." *Cooper*, 877 F.2d at 172.

Because it is too early in the proceedings for the Court to assess the merits of this action, the Court denies Plaintiff's application for the Court to request *pro bono* counsel without prejudice to Plaintiff's filing another such application at a later date.

D.     **Motion for injunctive relief**

Plaintiff has filed an application for an order to show cause, seeking injunctive relief. To obtain such relief, Plaintiff must show: (1) that he is likely to suffer irreparable harm and (2) either (a) a likelihood of success on the merits of his case or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in his favor. *See UBS Fin. Servs., Inc. v. W.V. Univ. Hosps., Inc.*, 660 F. 3d 643, 648 (2d Cir. 2011) (citation and internal quotation marks omitted); *Wright v. Giuliani*, 230 F.3d 543, 547 (2000). Preliminary injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Moore v. Consol. Edison Co. of N.Y., Inc.*, 409 F.3d 506, 510 (2d Cir. 2005) (internal quotation marks and citation omitted).

---

Because it is not clear that Plaintiff can assert any federal claims falling within the Court's jurisdiction, it will determine at a later stage whether or not to exercise its supplemental jurisdiction over any state law claims set forth in the complaint.

As set forth in this order, the facts alleged do not state a viable claim under federal law. The Court therefore finds that Plaintiff has failed to show (1) a likelihood of success on the merits, or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in his favor. Accordingly, Plaintiff's request for an order to show cause is denied.

## LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). In an abundance of caution, the Court grants Plaintiff 60 days' leave to amend his complaint to detail his claims, as long as they are not precluded by *Kellier I*.

In the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff should include all of the information in the amended complaint that Plaintiff wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

   a)   the names and titles of all relevant people;

b)  a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c)  a description of the injuries Plaintiff suffered; and

d)  the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated his federally protected rights and how; when and where such violations occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

## CONCLUSION

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 21-CV-3921 (LTS). An Amended Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

The motions for counsel and injunctive relief are denied without prejudice. The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an

appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant

demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   June 14, 2021
         New York, New York

                                         /s/ Laura Taylor Swain
                                   LAURA TAYLOR SWAIN
                                   Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.

-against-

_____

_____

_____

_____

Write the full name of each defendant. If you need more
space, please write "see attached" in the space above and
attach an additional sheet of paper with the full list of
names. The names listed above must be identical to those
contained in Section II.

_____CV_____
(Include case number if one has been
assigned)

**AMENDED**

**COMPLAINT**

Do you want a jury trial?
☐ Yes   ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed
with the court should therefore *not* contain: an individual's full social security number or full
birth date; the full name of a person known to be a minor; or a complete financial account
number. A filing may include *only*: the last four digits of a social security number; the year of
an individual's birth; a minor's initials; and the last four digits of a financial account number.
See Federal Rule of Civil Procedure 5.2.

## I.   BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐   **Federal Question**

☐   **Diversity of Citizenship**

## A.   If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

## B.   If you checked Diversity of Citizenship

### 1.   Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____ , is a citizen of the State of
                        (Plaintiff's name)

_____
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
                    (Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or
subject of the foreign state of

_____.

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____.

If more than one defendant is named in the complaint, attach additional pages providing
information for each additional defendant.

## II.  PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional
pages if needed.

| First Name | Middle Initial | Last Name |
|---|---|---|

Street Address

| County, City | State | Zip Code |
|---|---|---|

| Telephone Number | Email Address (if available) |
|---|---|

Page 3

## B.   Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1: _____

First Name                              Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                              State                    Zip Code

Defendant 2: _____

First Name                              Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                              State                    Zip Code

Defendant 3: _____

First Name                              Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                              State                    Zip Code

Defendant 4:

_____

First Name                          Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                        State              Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

**IV. RELIEF**

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

## V.  PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.


Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.


| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

| |
|---|
| Street Address |

| | | |
|---|---|---|
| County, City | State | Zip Code |

| | |
|---|---|
| Telephone Number | Email Address (if available) |


I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes   ☐ No

> If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.